IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-cr-30005 |
| DERRICK PHILLIPS, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Derrick Phillips' Motion to Suppress Evidence (d/e 25) (Motion). For the reasons set forth below, this Court recommends that the Motion should be DENIED.

PROCEDURAL BACKGROUND

On February 5, 2019, a grand jury in this District charged Defendant Phillips with possession with intent to distribute 100 grams or more of mixtures or substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Indictment (d/e 1). On November 6, 2019, a grand jury issued a Superseding Indictment (d/e 15). The Superseding Indictment added Special Findings pursuant to 21 U.S.C. § 851 that Phillips had a prior felony drug trafficking conviction.

On April 24, 2020, Phillips filed the Motion. On August 12, 2021, this Court held a hearing on the Motion. Defendant appeared in person and with his attorney Daniel Noll. The Government appeared by Assistant U. S. Attorney Matthew Weir. At the close of the hearing, the Court took the matter under advisement. The Court ordered the preparation of a transcript of the hearing and set a schedule for filing post-hearing memoranda. The briefing is now complete.

## STATEMENT OF FACTS

On October 4, 2017, Illinois State Trooper John Westbrook was assigned to the West Central Illinois Task Force (Task Force). He was parked in the parking lot of the Amtrak railroad station in Quincy, Illinois. He was in plain clothes in an unmarked vehicle. The Task Force had information that Phillips was carrying heroin and was traveling on the evening train from Chicago, Illinois, to Quincy, Illinois. Westbrook was assigned to conduct surveillance on Phillips and had a description of Phillips' clothes and Phillips' vehicle which was parked at the station. Westbrook saw the vehicle when he pulled into the parking lot to begin the surveillance. Westbrook was assigned to see if Phillips would commit a traffic violation when he drove off the parking lot. Hearing Transcript (d/e 48) (T.), at 6-7.

When the train from Chicago arrived at the Quincy station, Phillips disembarked from the train.  Phillips' clothing matched the description provided to Westbrook.  Westbrook saw Phillips proceed to the vehicle that matched the description provided to Westbrook and watched Phillips drive out of the parking lot onto Wisman Lane, a public roadway.  Phillips was in a line of cars leaving the parking lot.  Westbrook observed that Phillips did not stop before entering Wisman Lane.  The failure to stop was a traffic violation.  625 ILCS 5/11-1205.  Phillips testified at the hearing and admitted that he did not stop before he left the parking lot and entered Wisman Lane.  T., at 7-9, 18-19, 29, 56-57.

Westbrook contacted other officers with the Task Force by radio or phone and told them that Phillips committed the traffic violation when he did not stop before leaving the parking lot.  T., at 9-10.  Once Westbrook reported that Phillips committed a traffic violation, Quincy Police Canine Officer Tyler conducted a traffic stop of Phillips' vehicle.[1]  Upon stopping Phillips, Officer Tyler had his trained drug sniffing dog conduct a free air sniff around Phillips' vehicle.  The dog alerted on the vehicle for emitting the odor of narcotics.  Members of the West Central Task Force then searched Phillips' vehicle and found approximately 200 grams of heroin.

---

[1] Officer Tyler's first name is not in evidence.

Phillips was arrested and taken into custody. Phillips gave a recorded interview to law enforcement officials. T., at 35-37. Phillips moves to suppress the drugs and the statement.

## ANALYSIS

The stop and search of Phillips' automobile was valid. An officer may stop a vehicle if he has probable cause to believe the driver of the vehicle committed a traffic violation. The officer further may conduct a free-air sniff around the vehicle by a trained drug-sniffing dog during the course of the traffic stop. Illinois v. Caballes, 543 U.S. 405, 407 (2005). A trained drug sniffing dog's positive alert on a vehicle provides probable cause to search a vehicle. See Guidry, 817 F.3d 997, 1005 (7th Cir. 2016). That is what occurred here. Trooper Westbrook observed Phillips commit a traffic violation. Officer Taylor, therefore, had probable cause to conduct a valid traffic stop. Officer Taylor had the trained canine with him at the stop. He conducted the free air sniff with the dog and the dog alerted. The West Central Task Force officers thereby had probable cause to search Phillips' vehicle. The search was valid, and the evidence is admissible.

Phillips argues that he did not commit a traffic violation upon leaving the parking lot driveway and entering Wisman Lane because he believed he was not required to stop if no oncoming traffic or pedestrians were in the

area.  <u>Supplemental Brief in Support of Defendant's Motion to Suppress Evidence (d/e 50)</u> (Supplemental Brief), at 2.[2]  Phillips is incorrect.  Section 11-1205 of the Illinois Vehicle Code provides:

> The driver of a vehicle emerging from an alley, building, private road or driveway within an urban area shall stop such vehicle immediately prior to driving into the sidewalk area extending across such alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon, and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway.

625 ILCS 5/11-1205.  Section 11-1205 clearly states that "The driver of a vehicle emerging from an alley, building, private road or driveway within an urban area shall stop" before entering the roadway.  The obligation to stop is absolute and not limited to situations in which pedestrians or oncoming traffic are present.  Phillips was required to stop before entering Wisman Lane.  He did not.  His mistaken belief about the traffic laws does not change the fact that he committed a traffic violation.  The traffic stop was proper, and the free air sniff during the stop was proper.  The dog alerted

---

[2] Phillips' counsel at the hearing indicated that Phillips intended to argue in his post-hearing briefing that § 11-1205 only applied to private driveways and the driveway from the Amtrak parking lot onto Wisman Lane was a public driveway.  <u>See</u> <u>T.</u>, at 47.  Phillips did not mention this argument in his Supplemental Brief, so the issue is waived.  Moreover, Phillips is incorrect.  The word "private" in § 11-1205 is used in a list of places from which a vehicle may emerge.  The list is "alley, building, private road or driveway." The word "private" only modifies the word "road" in this list.  Thus, § 11-1205 applies to all driveways in Illinois, including the driveway from the Quincy Amtrak parking lot onto Wisman Lane.

on Phillips' vehicle, and the officers had probable cause to search. The search was valid.

THEREFORE, THIS COURT RECOMMENDS that Defendant Derrick Phillips' Motion to Suppress Evidence (d/e 25) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.

ENTER:   October 15, 2021

                                       s/ *Tom Schanzle-Haskins*
                                     TOM SCHANZLE-HASKINS
                                   UNITED STATES MAGISTRATE JUDGE