IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cr-30005 |
| ) | |
| **DERRICK PHILLIPS,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 52) on Defendant Derrick Phillips's Motion to Suppress Evidence (d/e 25). Magistrate Judge Schanzle-Haskins recommends that this Court deny Defendant's Motion to Suppress. Defendant has timely filed Objections to the Report and Recommendation. See d/e 55.

A district judge reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Crim. P. 59(b); 28 U.S.C. § 636(b)(1). The Court has thoroughly reviewed Magistrate Judge

Schanzle-Haskins's Report and Recommendation and Defendant's Objection to the Report and Recommendation. For the reasons set forth below, the Court OVERRULES Defendant's objections (d/e 55), ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation (d/e 52), and DENIES Defendant's Motion to Suppress (d/e 25).

## I. BACKGROUND

On February 5, 2019, a grand jury charged Defendant by way of indictment with one count of possession with intent to distribute of 100 grams or more of mixtures or substances containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). See d/e 1. On April 24, 2020, Defendant filed the Motion to Suppress now before the Court.

In his Motion to Suppress, Defendant moves the Court to suppress evidence acquired during a warrantless search of Defendant's vehicle. The Government filed a response opposing Defendant's motion on May 11, 2020. On August 12, 2021, Magistrate Judge Schanzle-Haskins held an evidentiary hearing on the Motion to Suppress, at which Defendant and two of the police officers involved in the search testified. Magistrate Judge Schanzle-

Haskins directed the parties to submit written briefs in lieu of closing arguments at the evidentiary hearing.  Defendant subsequently filed a Supplemental Brief in Support of Defendant's Motion to Suppress Evidence (d/e 50) and the Government filed a Post-Hearing Memorandum in Opposition of Motion to Suppress (d/e 51).

The Court adopts Judge Schanzle-Hankins's Statement of Facts.  A summary of the relevant facts is set forth below.

On October 4, 2017, Illinois State Trooper John Westbrook was assigned to the West Central Illinois Task Force (Task Force).  He was parked in the parking lot of the Amtrak railroad station in Quincy, Illinois.  He was in plain clothes in an unmarked vehicle.  The Task Force had information that Defendant Phillips was carrying heroin and was traveling on the evening train from Chicago, Illinois, to Quincy, Illinois.  Westbrook was given descriptions of Defendant's vehicle and Defendant's clothing.  Westbrook was assigned to wait in the Amtrak parking lot and to surveil Defendant upon Defendant's arrival at the station.  D/e 48, pp. 6–8.

When the train from Chicago arrived at the Quincy station, Defendant disembarked from the train. Westbrook saw Defendant walk to a vehicle that matched the description provided and watched Defendant drive out of the parking lot onto Wisman Lane, a public roadway. Defendant was in a line of cars leaving the parking lot. Westbrook observed that Defendant did not stop before entering Wisman Lane. Defendant admitted at the evidentiary hearing that he did not stop before he left the parking lot and entered Wisman Lane. Id. at 7–9, 18–19, 29, 56–57.

Westbrook contacted other officers with the Task Force by radio or phone and told them that Defendant had committed a traffic violation when he did not stop before leaving the parking lot. Id., pp. 9–10. Once Westbrook reported that Defendant had committed a traffic violation, Quincy Police Canine Officer Tyler conducted a traffic stop of Defendant's vehicle. Upon stopping Defendant, Officer Tyler had his trained drug sniffing dog conduct a free air sniff around Defendant's vehicle. The dog alerted on the vehicle, indicating an odor of narcotics. Members of the West Central Task Force then searched Defendant's vehicle and found approximately 200 grams of heroin.

Defendant was arrested and taken into custody. Defendant gave a recorded interview to law enforcement officials. Id., pp. 35–37. Defendant's Motion to Suppress requests suppression of both the heroin seized and Defendant's statement to police.

## II. ANALYSIS

A district judge reviews de novo those portions of the Report and Recommendation to which timely objections have been made. Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate with instructions." Fed. R. Crim. P. 59(b)(3). If only some portions of the Report and Recommendation are objected to, the district judge reviews those unobjected portions for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Having reviewed the hearing transcript, the Report and Recommendation, the parties' motions and memoranda, and the applicable law, the Court finds no clear error in the portions of Magistrate Judge Schanzle-Haskins's Report and Recommendation to which no objection has been made.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is considered a "seizure" for Fourth Amendment purposes. United States v. Whren, 517 U.S. 806, 809–810 (1996). Police may conduct a traffic stop if they have probable cause to believe the driver committed a traffic violation. Id. at 810.

Defendant's primary objection to the Report and Recommendation arises from a disagreement with Judge Schanzle-Haskins's interpretation of § 11-1205 of the Illinois Vehicle Code, an Illinois statute which states that:

> The driver of a vehicle emerging from an alley, building, private road or driveway within an urban area shall stop such vehicle immediately prior to driving into the sidewalk area extending across such alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon, and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway.

625 ILCS 5/11-1205.

Judge Schanzle-Haskins construed this statute to include an "absolute" obligation to stop which is "not limited to situations in which pedestrians or oncoming traffic are present." D/e 52, p. 5. Defendant disagrees and asserts that a vehicle is required to stop prior to entering the roadway only if a pedestrian or an approaching vehicle is present. See d/e 55, p. 4.

The Court agrees with Judge Schanzle-Haskins's construction of 625 ILCS 5/11-1205. Defendant was required by law to stop before driving onto Wisman Lane, regardless of whether any pedestrians or oncoming vehicles were present. Since Defendant has admitted that he did not stop before entering the roadway, police had probable cause to conduct a traffic stop on Defendant. Accordingly, the Court will not order the suppression of the evidence resulting from the challenged traffic stop.

Section 11-1205 of the Illinois Vehicle Code consists of a single long sentence which includes a number of nested clauses. The first 18 words of the section describe a "driver of a vehicle emerging from an alley, building, private road or driveway within an urban area." Defendant concedes that he was such a driver. The next 51 words require that a driver "shall stop such vehicle

immediately prior to driving into the sidewalk area extending across such alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon . . . ." In other words, § 11-1205 requires that every driver do one of two things: either (1) stop before reaching the sidewalk in front of the roadway, or (2) stop directly before entering the roadway.  Both (1) and (2) require the driver to "stop" before entering the roadway, and Defendant Phillips admits that he did not stop.  Because Defendant Phillips did not satisfy either requirement, it is immaterial which of the two requirements applied to him.  For the purpose of deciding Defendant's Motion to Suppress, therefore, the first 69 words of § 11-1205 can be simplified to read: "the driver shall stop before entering the roadway."

With this simplification, § 11-1205 reads: "[The driver shall stop before entering the roadway], and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway." The word "and" appears twice in

this sentence, and in each instance "and" functions conjunctively, imposing additional requirements on the driver. Section 11-1205 always requires a driver to stop before entering the roadway, and sometimes additionally requires that the driver yield the right-of-way to an oncoming pedestrian or vehicle. This means that Defendant Phillips was required to stop regardless of the presence or absence of pedestrians or oncoming vehicles. Defendant's objection to Judge Schanzle-Haskins's construction of § 11-1205 is, therefore, overruled, as are the related objections in ¶¶ 9–13 of Defendant's Amended Objection. See d/e 55. The Court construes all of Defendant's objections, including the objection in paragraph 13, as depending on Defendant's argument that he did not violate 625 ILCS 5/11-1205. Because Defendant did violate § 11-1205, his objections are overruled.

### III. CONCLUSION

It is, therefore, ORDERED:

**(1) The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 52) is ACCEPTED and ADOPTED.**

(2) **Defendant's Objection to the Magistrate Judge's Report and Recommendation (d/e 55) is OVERRULED.**

(3) **Defendant Derrick Phillips's Motion to Suppress Evidence (d/e 25) is DENIED.**

ENTER: November 2, 2021

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE