IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cr-30005 |
| | ) |
| DERRICK PHILLIPS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Derrick Phillips' First and Second Motions in Limine (d/e 89, 105) and the Government's Third Motion in Limine (d/e 98). On December 1, 2022, this Court granted the Government's First and Second Motions in Limine (d/e 96, 97) at the Final Pretrial Conference. For the reasons below, this Court GRANTS Defendant's First Motion in Limine in part and DENIES it in part (d/e 89), DENIES Defendant's Second Motion in Limine (d/e 105), and DENIES Government's Third Motion in Limine in part and GRANTS it in part (d/e 109).

I.   BACKGROUND

On October 4, 2017, law enforcement officers interviewed Defendant. On November 8, 2022, Defendant filed his First Motion in Limine seeking to exclude the interview in its entirety. See d/e 89. On November 21, the Government filed its response. See d/e 95. On November 28, Magistrate Judge McNaught held an evidentiary hearing on Defendant's Second and Third Motions to Suppress but reserved making a recommendation on Defendant's First Motion in Limine until the parties conferred further over which portions of the interview the Government intended to introduce.

On November 23, 2022, prior to the evidentiary hearing held before Magistrate Judge McNaught, the Government filed its Third Motion in Limine. The Government filed its Third Motion in Limine in anticipation that the parties could not reach an agreement over which portions of the October 4, 2017 interview the Government would introduce and anticipated arguments by Defendant regarding specific lines of the interview. On November 28, 2022, the Defendant filed his response. See d/e 103.

On November 30, 2022, Defendant filed a Fourth Motion to Suppress (d/e 109), in which Defendant seeks to suppress certain

statements made during this interview, specifically lines 14-15, 23-24, 50 (after laughs)-54.  The Court ruled on Defendant's Fourth Motion to Suppress in a separate opinion, but reserved the right to include or exclude lines from the interview subject to its ruling on Defendant's First Motion in Limine.

On November 29, Defendant filed his Second Motion in Limine (d/e 105).  Defendant seeks to exclude Government Exhibits 1 through5, and their subparts. The Government filed its response on November 30 (d/e 110).

## II. ANALYSIS

### A. Defendant's First Motion in Limine is denied in part and granted in part.

Defendant's First Motion in Limine seeks to exclude the October 4, 2017 interview in its entirety because it is irrelevant and overly prejudicial.  Defendant also seeks to exclude the initial part of the interview where Defendant speaks to officers prior to being read his *Miranda* warnings.  Defendant's latter argument is duplicative of his arguments in his Fourth Motion to Suppress (d/e 109), which was denied by this Court in a separate opinion. Therefore, this Court focuses its analysis on Defendant's former

argument.  This Court GRANTS the Defendant's First Motion in Limine in part and DENIES it in part.

On November 29, the Government filed a Notice of Intent to Introduce Evidence.  See d/e 106.  In the Government's filing, the Government included Exhibit A, an unofficial transcript of the October 4, 2017 interview.  The Government highlighted the portions of the interview it seeks to admit: lines 8-24, 34-105, 133-156, 170-191, 545-583, and 718-763.

On November 30, Defendant filed its Position as to Agreement on Record Statement.  See d/e 108.  Defendant maintains his objection to the entirety of the video.  Subject to that objection, however, Defendant agrees to the introduction of the lines specified by the Government, with the exception of: lines 14-15, 23-24, 50 (after laughs)-54, 96-97 (because I'm going back to the joint, we know that); 584-592; and 718-762.

Under FRE 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Under FRE 403, the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one

or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

This Court disagrees with Defendant that the entire interview should be excluded. This Court finds that certain lines of the October 4, 2017 interview are relevant and that their probative value is not substantially outweighed by prejudicial risk.

As a result, this Court focuses its FRE 401 and 403 analysis on the following disputed lines: lines 14-15, 23-24, 50 (after laughs)-54, 96-97 (because I'm going back to the joint, we know that); 584-592; and 718-762.

### 1. The probative value of lines 14-15 is not substantially outweighed by prejudicial risk.

Lines 14-15 read:

14 Hiland: Cell phone number?
15 Phillips: 2-1-7-6-5-3-7-3-0-2

This Court finds that these lines are relevant, as they identify Defendant and his phone number. The probative value is not substantially outweighed by prejudicial risk, so the lines are admissible. Defendant's objection to lines 14-15 is overruled.

### 2. The probative value of lines 23-24; 50 (after

**laughs)-54; and 96-97 (because I'm going back to the joint, we know that) are substantially outweighed by prejudicial risk.**

This Court finds that lines 23-24, 50 (after laughs)-54, and 96-97 (because I'm going back to the joint, we know that) are relevant. However, they indicate that Defendant has been previously convicted and incarcerated, so their probative value is substantially outweighed by prejudicial risk. Despite the Government's argument in its Third Motion in Limine, discussed below, these lines do not establish Defendant's familiarity with heroin. Rather, these lines speak to Defendant's general familiarity with the criminal justice system. Thus, Defendant's objections to lines 23-24, 50 (after laughs)-54, 96-97 (because I'm going back to the joint, we know that) are sustained.

**3. The Government does not intend to introduce lines 584-592.**

In the Government's Notice of Intent to Introduce Evidence (d/e 106), the Government did not indicate that it intended to introduce lines 584-592. Thus, Defendant's objection to lines 584-592 is moot.

**4. The probative value of lines 718-761 are substantially outweighed by prejudicial risk, but**

### line 762 is admissible because its probative value is not substantially outweighed by prejudicial risk.

This Court finds that lines 718-762 are relevant. However, Defendant makes several statements in lines 718-761 indicating that he has been previously convicted and incarcerated, so their probative value is substantially outweighed by prejudicial risk. However, line 762 is uttered by Defendant and states, "You got something in return, you got the drugs. And you got my word, I am done . . ." Line 762 is a statement by Defendant regarding his involvement in the instant offense. It is not evidence of "other crimes and/or prior bad acts." FRE 404(b). Moreover, line 762's probative value is not substantially outweighed by prejudicial risk. Thus, Defendant's objection to lines 718-761 is sustained but his objection to line 762 is overruled.

In summary, Defendant's objection to the entirety of the October 4, 2017, interview is overruled. Defendant's objection to lines 14-15 and 762 are overruled, but his objections to lines 23-24; 50 (after laughs)-54; 96-97 (because I'm going back to the joint, we

know that); and 718-761 are sustained.  Defendant's objection to lines 584-592 is moot.

### B. The Government's Third Motion in Limine is granted in part and denied in part in light of the Court's rulings on Defendant's First Motion in Limine.

Government's Third Motion in Limine was filed in anticipation that the parties would not come to an agreement about what excerpts of the interview could be introduced at trial.  The Government argues that prior crime evidence is relevant to establishing that Defendant was going to distribute the heroin and Defendant knew he was in possession of a controlled substance. d/e 98, ¶ 6.  Subject to Defendant's objection to the entirety of the interview, Defendant largely came to an agreement with the Government about what excerpts of the October 4, 2017 interview should be introduced at trial.  Defendant maintains several objections in his Position as to Agreement on Record Statement. See d/e 108.  As analyzed above, this Court has determined which lines are admissible and which are not.  Therefore, this Court GRANTS Government's Third Motion in Limine in part and DENIES it in part.  The Government is limited in its use of the October 4,

2017 interview to lines 8-22; 34-50 (before laughs); 55-95; 98-105; 133-156, 170-191, 545-583, and 762-763.

> **C. Defendant's Second Motion in Limine is denied because the Government has complied with the Court's November 14, 2022 text order and the exhibits are reliable, nonhearsay, not overly prejudicial, and the Government will be able to lay proper foundation at trial.**

On November 29, 2022, the Defendant filed its Second Motion in Limine (d/e 105), seeking to exclude Government Exhibits 1 through 5, including all subparts, which include audio recordings and text messages to and from phone number 217-653-7302. According to the Defendant's Third Motion to Suppress (d/e 88), this is the phone number that Defendant purportedly used to facilitate controlled substance purchases from Deangelo McMahan, the subject of a Title III investigation. On November 30, the Government filed its response to Defendant's Second Motion in Limine (d/e 110).

Defendant asserts that introduction of these exhibits would violate the Court's text order on November 14, 2022, directing the Government to "provide reasonable notice in advance of trial" if the

Government intends to use at trial evidence of "other crimes, wrongs, or acts."

Defendant also states that the Exhibits are unreliable, hearsay, overly prejudicial, and that the Government will be unable to lay the proper foundation because (1) Defendant is unaware of any witness who can identify Defendant as a voice on any of the audio recordings in Government Exhibits 1 through 3; (2) the Government has tendered no expert in voice identification; (3) Defendant is unaware of any witness who would testify that Defendant sent or received any of the text messages in Government Exhibits 4 and 5; (4) the conversations in the Exhibits are irrelevant and overly prejudicial against Defendant; and (5) the Government has not listed Deangelo McMahan as a witness, so Defendant will have no opportunity to cross-examine Deangelo McMahan.

Defendant requests that this Court bar Government Exhibits 1 through 5, and their subparts, or, in the alternative, significantly limit the presentation of the investigation into Deangelo McMahan due to its overly prejudicial nature.

### 1. The Government did not violate the Court's November 14, 2022 text order.

Federal Rules of Evidence 404(b) prohibits the use of "other crimes, wrongs, or acts" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b) is inapplicable where the "bad acts" alleged are "direct evidence of an essential part of the crime charged." United States v. Lane, 323 F.3d 568, 579 (7th Cir. 2003). Moreover, the "intricately related" doctrine recognizes that evidence "concerning the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime," are not "other acts" under Rule 404(b). Id. Intricately related evidence must satisfy the FRE 403 balancing test. Id. at 580. Under FRE 403, the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government proffers that Exhibits 1, 2, 4, and 5 are "intricately related" because they are the basis for the Drug Enforcement Agency contacting Quincy law enforcement, who then initiated their investigation into Defendant.  d/e 110, p. 6.  This

Court agrees.  The audio recordings and transcripts of Exhibits 1, 2, 4, and 5 all demonstrate logistical planning between Defendant and DeAngelo McMahan, which led to the investigation into the Defendant.  Moreover, the Exhibits' probative value are not substantially outweighed by their prejudicial risk.

Further, the Government states that Exhibit 3 is the phone call made by Defendant arranging to pick up heroin and is the "direct evidence" of the crime charged.  d/e 110, p. 6.  This Court agrees.

Because Exhibits 1 through 5, and their subparts, are not 404(b) evidence, there was no violation of the Court's text order on November 14, 2022.

### 2. Exhibits 1 through 5, and their subparts, are reliable.

Defendant makes the general claim that Exhibits 1 through 5, and their subparts, are unreliable.  d/e 105, ¶ 6.  Exhibits 1 through 5, and their subparts, were obtained during a Title III investigation of Deangelo McMahan in the United States District Court for the Eastern District of Missouri.  The Government has provided the Court and Defendant with a copy of the application and order for the Title III investigation out of the Eastern District of

Missouri. d/e 115, ¶ 9. Without further explanation by Defendant why the Court should find the exhibits unreliable, this Court finds that the application and order for the Title III investigation provided by the Government indicate that Exhibits 1 through 5, and their subparts, are reliable.

### 3. Exhibits 1 through 5, and their subparts, do not contain inadmissible hearsay.

Defendant argues that Exhibits 1 through 5, and their subparts, are hearsay and inadmissible. Federal Rule of Evidence 801(d)(2)(A) excludes from hearsay a statement offered against an opposing party that was made by the party in an individual or representative capacity. Exhibits 1 through 5, and their subparts, all contain statements made by the Defendant. While some exhibits also contain statements made by McMahan, McMahan's statements are also admissible against Defendant as a statement made by Defendant's coconspirator during and in furtherance of a conspiracy. FRE 801(d)(2)(E). This Court finds that Exhibits 1 through 5, and their subparts, are not hearsay.

### 4. The probative value of Exhibits 1 through 5, and their subparts, are not substantially outweighed by prejudicial risk.

Exhibits 1 through 5, and their subparts, are relevant to the investigation that led to Defendant's instant charge. For the reasons mentioned above, this Court finds that the Exhibits' probative value are not substantially outweighed by their prejudicial risk.

> **5. The Government will provide a witness to lay proper foundation and identify the voice on the recordings at trial.**

In the Government's response, the Government indicates that it plans to call Officer Matthew Main to testify to the accuracy of Exhibits 1 through 5, and their subparts, and explain how officers connected Defendant to the 217-653-7302 phone number. Defendant will have the opportunity at trial to cross-examine Officer Main.

Therefore, this Court DENIES Defendant's Second Motion in Limine.

### III. CONCLUSION

The Court, therefore, ORDERS:

**(1) Defendant's First Motion in Limine is DENIED in part and GRANTED in part.**

(2) **Government's Third Motion in Limine is DENIED in part and GRANTED in part.**

(3) **Defendant's Second Motion in Limine is DENIED.**

**IT IS SO ORDERED.**
**ENTER:  December 5, 2022**
**FOR THE COURT**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**